D. S. LOVETT, H. W. LOVETT, MAMIE LOVETT FLETCHER and BEN CHARLES ALLEN, Minors, GEORGE ALLEN and MRS. SUSIE LOVETT, *Appellants*, vs. C. C. LOVETT, MRS. EUNICE BURNETT, MRS. JULIA BRADGON and MRS. H. B. NEEL, *Appellees*.

141 So. 150.

En Banc.

Opinion filed April 20, 1932.

*Davis & Pepper,* for Appellants;

*McCollum & Howell,* and *John F. Harrell,* for Appellees.

BUFORD, C.J.—This case comes before us on appeal from

a final decree and decree of confirmation in suit for partition. See 112 So. 768.

There are a number of assignments of error, all of which we have considered. The final decree should be affirmed. The decree of confirmation should be affirmed except as it relates to the distribution of costs to be paid by the parties to the suit as is required by section 3209 R. G. S., 5001 C. G. L.

In this suit there were two tracts of land involved which were partitioned between the parties. They may be designated as Tract One and Tract Two.

It is shown by the record and by the terms of the final decree that the parties to the suit were entitled to and did receive certain fractional parts of Tract One and that they were entitled to and did receive certain other and different fractional parts of Tract Two.

It appears that in determining the proportions of the costs to be assessed against each of the parties the chancellor took the fractional interest of one of the parties in Tract One and the fractional interest of such party in Tract Two and reduced those fractions to a common denominator and then divided the result by two to ascertain the average interest of such party in the aggregate of the lands included in the suit. He then proceeded with the same formula as to each of the parties to the suit and converted the fractions thus obtained to decimals and required each party to contribute to the costs upon that basis.

In the case of D. S. Lovett, for instance, it was decreed that he should have 1/7 part of the lands designated as Tract One and that he should have 665/1512 of Tract Two. The Chancellor then took the fractions 1/7 and 665/1512 and reduced them to a common denominator which resulted in 216/1512 as D. S. Lovett's interest in Tract One and 665/1512 in Tract Two, which

being added together gave 881/1512 and dividing this by two to get the average of the aggregate he found that Lovett should pay 881/3024. Then, after going through with the same process as to each of the other parties to the suit, it was decreed,

> "That the complainants, C. C. Lovett, Mrs. Julia Bragdon, Mrs. H. B. Neel and Mrs. Eunice Burnett, do each so pay .1269% of said sums; that the defendant D. S. Lovett do so pay .2894% of said sums; that the defendant H. W. Lovett do so pay .1190% of said sums; and that the defendants Mamie Lovett Fletcher and Ben Charles Allen do each so pay .420% of said sums."

This process does not meet the requirements of the statute that every party at interest should contribute to the costs in proportion to his interests. If the interests of each party was the same in each tract of land then this process would result in each contributing to costs in proportion to his or her interests, but when a fractional part of a party in Tract One is one fraction and the part of the same party in Tract Two is another fraction this result will not be reached. This may be readily proven by the following illustration, for instance: We have two lots of horses; in one lot there are 12 horses; in one lot there are 4 horses. A owns a 1/3 interest in the lot of 12 horses and 1/4 interest in the lot of 4 horses. Then he owns the equivalent of 5 horses out of the 16 and his proportion would be 5/16, but if we pursue the method of arriving at his interest in the whole lot which was pursued in the instant case, the result will be as follows: He owns 1/3 of the lot of 12 horses and 1/4 of the lot of 4 horses. When reduced to a common denominator he owns 4/12 of the lot of 12 and 3/12 of the lot of 4, which is 7/12 of the whole number of 16 horses. When we divide that by two to get the average interest the result is that he owns 7/24 of the whole, which would

be 7 times 1/24 of 16, or 4 2/3 horses instead of 4 horses, and if he is required to contribute on this basis he contributes more than his proportionate part.

It is the duty of the Court to carry out the purpose and intent of the statute and while the statute has not provided any definite formula by which each of the litigants in a partition suit may be ascertained where the property is partitioned between the litigants, it nevertheless becomes the duty of the Court to ascertain what the relative interests of the parties are and to apportion the costs according to such relative interests and in a case like this that may be done by the Court first ascertaining, where there are two or more parcels of land involved, the relative value of each tract of land. This may be ascertained either by stipulation between the parties or by evidence introduced before the Court from persons acquainted with such property values in that location. When the relative value of each parcel of property has been ascertained then necessarily the aggregate value would be ascertained and the value which each piece of property bears to the aggregate value will be ascertained. For instance, if there are 3 parcels of land to be partitioned and it is ascertained that A owns 1/4 of tract One and 1/3 of tract Two and 1/7 of tract Three and it is ascertained that tract One constitutes 60% of the total value; tract Two 25% of the total value and tract Three 15% of the total value; then A must contribute 1/4 of 60% of the costs, plus 1/3 of 25% of the costs, plus 1/7 of 15% of the costs and in this way each of the parties will contribute to the payment of costs in proportion to their respective interests as directed by the Court.

Therefore, that part of the confirmation decree which purports to prorate the costs between the parties is reversed with directions that the Chancellor ascertain the

relative values of the separate tracts of land involved in this suit and that from this he ascertain what relation the value of Tract One bears to the whole and what relation Tract Two bears to the whole, and shall then require each of the parties to contribute to the payment of costs a sum equivalent to the aggregate of the proportion of their interests in each tract, in the manner hereinabove demonstrated.

It may be suggested that there is no authority in Court to ascertain the value of the property when it is found that the property may be properly partitioned between the parties, but we hold that the authority does exist, for this reason; the Court is required to apportion the costs between the parties according to interests of each in the property partitioned. Costs must be paid in money, and, therefore, before the proportionate part of the money to be paid by each of the parties can be ascertained the equivalent of the money value of the property must be ascertained where the property exists in two or more tracts and the parties are decreed to be entitled to and to be seized and possessed of different fractional parts of such tracts for the very good reason that when proportionate interests of any different properties are to be determined it is necessary to reduce all interests to the equivalent of a common denominator and where a party is required to pay money based upon his proportionate interests in different properties which interests are found to be a different fraction of each property, such interest must be reduced to a money equivalent before we can ascertain the proportion in money which each party is required to pay.

The final decree is affirmed.

The confirmation decree is affirmed except as hereinabove indicated.

It is further adjudged that the costs of this appeal

shall be prorated to the parties upon the same basis as the costs of the lower court should be prorated after the same has been ascertained by the chancellor.

Reversed in part and remanded with directions.

WHITFIELD, BROWN AND DAVIS, J.J., concur.

ELLIS AND TERRELL, J.J., dissent.

ELLIS, J. (Dissenting).—This case constitutes a very fair illustration of the confusion which inevitably follows an error in the application of principles which control the procedure of any litigation.

The suit was for the partition of a certain tract of land. The interested parties were definitely known and their respective interests ascertained, but the parties who were made defendants were permitted by answer to inject into the proceedings a prayer for the inclusion in the suit of another or different tract of land held by some of the same parties to the original petition but in different interests to those which they held in the tract described in the bill. In other words, the two tracts of land each formed the subject of a separate and distinct suit for its partition and should never have been joined in one proceeding.

However in the case of Lovett v. Lovett, 93 Fla. 611, 112 South. Rep. 768, this Court approved seemingly the practice which was followed although the answer was held to be unavailing for failure of the defendant interposing it to obtain service upon certain minor co-defendants or to make them parties. The decree was reversed but subject to the condition that the omitted defendants should not come in and voluntarily submit themselves to the court's jurisdiction.

The conditions were met in a fashion and the cause proceeded to a sale of part of the lands and a partition of the others and a complex and difficult accounting between the parties by way of benefits or profits some had

received from the use of the land and the varying difference in value of the lands allotted to the parties respectively.

The difficulty arose when an effort was made to apply the provisions of Section 5001 C. G. L. 1927, which requires every "party in interest" whether complainant or defendant to "pay a share of the costs and charges, including attorney's fee of complainant's solicitor, arising from the suit for the partition or sale of the land, in proportion to his interest."

There is no rule or statute applicable to such apportionment of costs and charges in a case where different tracts of land, each independently the proper subject of a suit for partition, owned by different groups of people in varying interests as to each tract, are combined in one proceeding; one tract introduced into the suit by the bill and the other by an answer of one or more of the defendants. If the difficult, if not impossible, task is undertaken to apportion the costs and charges in proportion to the interests of the parties according to the rule prescribed in the majority opinion which necessitates interpolating into the Statute, Section 5001, *supra,* words neither expressly nor impliedly contained in it the method suggested by the majority opinion would seem to be both inaccurate and unsatisfactory. If a rule to be applied in such cases is to be improvised it seems to me that the chancellor could with greater facility, much less expense and more in harmony with the words ·of the statute allocate to each parcel of land that part of the total costs and charges including solicitor's fees which he may deem to be reasonable and the parties required to pay such portion of each allocation as their interest in the particular tract bears to the sum or portion of the total costs allocated to it. And in this case some allowance may be made to defendants for

solicitor's fees for bringing into the suit the second and different tract of land.

TERRELL, J., concurs.